## SUPREME COURT.

DANIEL LANING agt. JOHN CARPENTER and others.

Until the legislature shall annex " *Schuyler County*" to some judicial district, and provide for the exercise of the ordinary powers of the supreme court therein, separately and distinctly, as in other counties, the inhabitants of that territory must be held to belong to their *original* counties—(Chemung, Steuben and Tompkins;) and the act organizing this county must be deemed utterly inoperative, so far as relates to the supreme court, circuit courts, and courts of oyer and terminer.

A *judgment*, therefore, docketed in the clerk's office of Schuyler county, is *void* and of no effect.

*Steuben Special Term, Feb.*, 1856.
MOTION to dissolve injunction.

D. J. SUNDERLIN, *for plaintiffs.*
ROBERT CAMPBELL, JR., *for defendants.*

E. DARWIN SMITH, Justice. The plaintiff's title to maintain this suit and retain the injunction allowed, depends upon the validity of his judgment. The judgment was entered up by confession, and docketed in the clerk's office of Schuyler county.

The 6th section of the act organizing this county (*Chap.* 386 *of Sess. Laws of* 1854, *p.* 913) declares that the territory composing such county shall be known and distinguished as the county of Schuyler, " excepting for the election of members of the legislature and justices of the supreme court, and for the holding and jurisdiction of the supreme and circuit courts, and courts of oyer and terminer, until after the next state census, or enumeration."

, If there be any force in this exception, and it was most obviously quite essential, to give the color of constitutionality to the act, it saves the act from having any legal effect, so far as relates to the power and jurisdiction of this court over the territory embraced in the limits of the proposed new county, or the inhabitants thereof, until after the next apportionment. The jurisdiction of this court remains, and is to be exercised in the same manner, and by the same officers, as if this act had never passed. The process of this court, in respect to the inhabitants of the territory embraced in the limits of the proposed new county, is to go to the sheriffs of Chemung, Steuben and Tompkins counties, precisely as before the passage of this act. Judgments docketed in these counties of course are liens throughout the whole of the original respective counties. The jurisdiction of this court over that territory must be exercised exclusively in this way; and it cannot be that judgments can be docketed in the clerk's office of Schuyler county, likewise to be liens, and to be enforced by execution, to the sheriff of that county. The fact that no venire can be laid or trial had in actions in this court in that county, seems to imply, so far as this court is concerned, that no judgment can be docketed there, for every judgment must have a venue, or presupposes a place of trial.

Until the legislature shall annex Schuyler county to some judicial district, and provide for the exercise of the ordinary powers of this court therein, separately and distinctly, as in other counties, the inhabitants of this territory, as they cannot be placed without the protection of this court, or exempted from its jurisdiction, must be held to belong to their original counties; and the act organizing this county must be deemed utterly inoperative, so far as relates to this court, circuit courts and courts of oyer and terminer.

The plaintiff's judgment is entirely void, and the injunction in this action must, therefore, be dissolved, and his bill dismissed.